## THE ADRIATIC.

### THE GEORGE J. KIRKHAM.

(District Court, E. D. New York. October 23, 1919.)

COLLISION ⌑71(2)—TUG AND BARGES MOORED IN SLIP.
  Injury to a barge, by being forced against a pier by a collision between other barges lying outside of her and a tug engaged, with others, in maneuvering a large steamship into her slip, *held* due to the fault of the steamship in being allowed to swing with the tide, so as to crowd the tug against the barges.

In Admiralty. Suit for collision by the Jordan Ship Company against the steamship Adriatic, with the tug George J. Kirkham impleaded. Dismissed as to the Kirkham, and decree for libelant against the Adriatic.

Macklin, Brown & Purdy and W. F. Purdy, all of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, Chauncey I. Clark, and Charles E. Whyte, all of New York City, for the Adriatic.

Herbert Green, of New York City, for the George J. Kirkham.

CHATFIELD, District Judge. The libelant claims damages for injuries received by the barge Marjorie on April 27, 1912. On the evening of April 26, 1912, the Marjorie had been moored on the north side of White Star Pier 59, North River, and on the morning of the 27th she was shifted to the south side of that pier, where she was tied up some 59 to 75 feet in from the outer end of the pier. Two other barges were fastened with lines outside of the Marjorie. The boats were placed in this position for convenience in loading at this exact point, and also because the steamer Adriatic was to be placed in the slip on the north side of the pier. At that time a steamer of the size

of the Adriatic usually required the help of as many as ten tugs, but the testimony names only five which took part. The tug Kirkham, with at least two others, took up a position on the starboard side, or under the starboard quarter, of the Adriatic, and inside the slip between Piers 58 and 59.

The Adriatic had proceeded up the North River under her own power. The tide was running ebb, and the Adriatic was to be warped into the slip, by resting the starboard bow of the steamer against the upper corner of the pier, and drawing on a line to the south side of Pier 60. In performing this maneuver, the Adriatic was held by the force of the tide against Pier 59, and extended down across Pier 58. The three tugs in the slip in which the Marjorie was moored must have taken their places before the Adriatic rested against the end of the pier, in order to work against the side of the Adriatic when swinging her stern out into the river and turning her around the pivot formed by the upper corner of the pier. Boats at the end of the pier would have to move to avoid injury. This method had been judicially upheld in The Etruria (D. C.) 88 Fed. 553.

On the occasion in question the stern of one of the tugs came in contact with one of the barges lying outside of the Marjorie, forcing the Marjorie against a timber or fender on the face of the pier. This in turn broke the timberhead of the Marjorie, allowing the house upon the Marjorie's deck to come in contact with the fender of the pier and to receive the damage which is the subject-matter of the action.

It appeared from the testimony that some two years elapsed before the libelant's counsel located the captain of the Marjorie and learned the name of the tug which, in the captain's opinion, came in contact with the barge, by means of which force was transmitted to the Marjorie, although he had filed a report the day after the accident, in which he named all the tugs which were assisting the Adriatic on that side. The action was started in 1913, and the proctors received this information as to the circumstances in 1915. Thereafter the tug Kirkham was brought into the case by petition on the part of the Adriatic, and the case was finally brought on for trial in May, 1918. Testimony on behalf of the Adriatic was then adjourned, because of the absence of an alleged eyewitness, whose attendance was not obtained until January 19, 1919. Testimony was finally closed on June 3, 1919, and the case submitted to the court on September 15, 1919.

This witness on behalf of the Adriatic testifies that he was standing upon the dock and saw the whole occurrence; that the Adriatic had been pushed out from the end of Pier 59, so that her stern was pointing toward Hoboken. He states that she was moving ahead into the slip under her own power, and that one tug tried to back around the other two tugs, striking the barge on the outside of the Marjorie, and causing the damage charged. This witness corroborates the captain of the Marjorie as to the place of contact, and in testifying that he saw the captain jump ashore at the time of the smashup.

It also appears from his testimony that this witness told the Marjorie to move further inshore. This the captain of the Marjorie denies, and it is apparent that no tug was sent to move the boat, nor was the captain compelled to shift his boat, but was left to his own devices. The testimony of the witness who states that the tug caused this damage by backing into the barge was given in such a way as to indicate that the witness was attempting to tell the truth; but the lapse of time, and his statement that the Adriatic had been swung out in the stream, so that she was ready to move ahead into her slip, makes it impossible to credit his recollection that the tugs had their bows still against the side of the Adriatic, and that one of them was maneuvering to get around the other, when it struck the Marjorie.

A force which could move the other two barges and drive the Marjorie against the dock with such momentum as to break her timberhead and carry her over until her house was forced out of place would certainly have been a matter of observation, and caused some commotion on the Kirkham and the barge, which was struck. The force must have been exerted in such direction as to carry the Marjorie upstream against the ebb tide, with the weight of the other two barges added to her own and when they were all moved as a unit; no lines between them being parted.

The testimony of the libelant exonerates the tug, and attributes the force which drove the boats upstream to the weight of the Adriatic as she settled along the end of the pier before the tugs began to swing her out in the river. The captain of the Marjorie testifies that one of the tugs was wedged by the steamer and the other two tugs. This is the only reasonable explanation.

On the record, therefore, it must be held that the Adriatic is liable for the damage incurred, and the petition against the Kirkham will be dismissed.